D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------x

**ARTEMIO CANTU and REFUGIO CANTU, on behalf of themselves and others similarly situated,**

**Plaintiffs,**

**v.**

**GEN MANHATTAN NYU, L.P., d/b/a GEN KOREAN BBQ, and GEN RESTAURANT GROUP, INC.,**

**Defendants.**

---------------------------------------------------x

**<u>COMPLAINT</u>**

**CASE NO.: 1:25-cv-9323**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

## <u>JURISDICTION AND VENUE</u>

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. Defendant Gen Manhattan NYU, L.P. is a Delaware limited partneship that owns and operates Gen Korean BBQ in Union Square, Manhattan.

4. Gen Korean BBQ's annual gross volume of sales is in excess of $500,000.

5. Gen Korean BBQ has employees engaged in interstate commerce and handling, selling, or otherwise working on goods and materials that have been moved in or produced for interstate commerce.

6. Defendant Gen Restaurant Group, Inc. is a publicly traded Delaware Corporation. It owns and manages close to 50 Gen Korean BBQ restaurants throughout the world, including, through its subsidiary Gen Manhattan NYU, L.P., Gen Korean BBQ in Union Square, Manhattan.

7. Plaintiff Artemio Cantu worked for Gen Korean BBQ as a food runner from November 2023 until late 2025.

8. Plaintiff Refugio Cantu worked for Gen Korean BBQ as a food runner from April 2023 until late 2025.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9. Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all servers, bartenders, barbacks, runners, and bussers employed by Defendants at Gen Korean BBQ in Union Square, Manhattan on or after the date that is three years before the filing of this Complaint ("FLSA Collective Plaintiffs").

10. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions,

and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing to pay overtime. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

11. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, and text message to the last address, email address, and phone number known to Defendants.

**RULE 23 CLASS ALLEGATIONS – NEW YORK**

12. Plaintiffs brings the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all servers, bartenders, barbacks, runners, and bussers employed by Defendants in Union Square, Manhattan on or after the date that is six years before the filing of this Complaint (the "Class Period").

13. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

14. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number

are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of the Class.

15. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime compensation, and illegal retention of tips. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

16. Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

17. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will

be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

18. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

19. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York law.

b) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and the Class members for their work.

c) Whether Defendants paid Plaintiffs and the Class members the minimum wage for all hours worked.

d) Whether Plaintiffs and the Class members were properly paid for overtime.

e) Whether Defendants retained a portion of Plaintiffs' and the Class members' gratuities.

f) Whether Defendants provided Plaintiffs and Class members with the proper wage notices and wage statement.

## FACTS

20. Plaintiff Refugio Cantu's Consent to Sue form is attached as Exhibit A.

21. Defendants committed the following alleged acts knowingly, intentionally and willfully.

22. Plaintiffs were paid New York's "food service" minimum wage, which is lower than the full minimum wage.

23. For example, in 2023, they were paid $10.00 per hour, when the full minimum wage was $15 per hour.

24. However, Defendants were not entitled to pay Plaintiffs the lower minimum wage, because they did not give Plaintiffs proper notice of the tip credit.

25. Plaintiff Refugio Cantu regularly worked overtime in 2023. Specifically, he frequently worked five (5) shifts per week that started at 6:00 p.m. and lasted until 3:00 a.m.

26. On these weeks, because Defendants inappropriately applied the tip credit to his minimum wage, they also paid him the incorrect overtime wages.

27. Defendants illegally required Plaintiffs to share tips with an individual named Oswaldo, who did not provide more than *de minimis* customer service to patrons.

28. Oswaldo's primary tasks including performing odd jobs around the restaurant that were not on the floor or in the presence of customers. This including fixing furniture, leaving to purchase items needs, etc. For most of Plaintiff's shifts, Oswaldo was not even on the floor or in

the presence/plainview of customers for all or most of a shift, yet he received a full share in the tip-pool.

29. Defendants' tip-pool documents reflect that Plaintiffs contained entries reflecting distributions to "Miguel Contreras" on the same shifts that they were required to share tips with Oswaldo. No one by that name worked at Gen Korean BBQ. Accordingly, upon information and belief the distributions to "Miguel Contreras" represent additional illegal distributions to Oswaldo, effectively resulting in him receiving far more than other runners and bussers, despite not being an actual service employee.

30. Defendants failed to provide Plaintiffs with Notice and Acknowledgement forms in their native language, Spanish, as required under N.Y. Lab. L. § 195(1). Nor did Plaintiffs' wage statements include any information about them being paid pursuant to a tip credit.

31. Defendants' failure to provide Plaintiffs' with notice of the tip credit in Spanish made Defendants' use of the tip credit illegal. Thus, Defendants' violation of N.Y. Lab. L. § 195(1) caused Plaintiffs to be underpaid.

32. If Plaintiffs had known that Defendants were paying him less than the full minimum wage, they would have raised these concerns with Defendants well before the instant lawsuit.

33. Defendants committed the foregoing against Plaintiffs, the FLSA Collective Members, and the Class.

**<u>FIRST CLAIM FOR RELIEF</u>**
**(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.***
**Brought by Plaintiff Refugio Cantu on Behalf of**
**Himself and the FLSA Collective Plaintiffs)**

34. Plaintiff Refugio Cantu reallege and incorporate by reference all previous paragraphs.

35. Throughout the statute of limitations period covered by these claims, Plaintiff Refugio Cantu and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

36. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective Plaintiffs the appropriate overtime rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

37. Plaintiff Refugio Cantu on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and post-judgment interest.

**SECOND CLAIM FOR RELIEF**
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.* Brought by Plaintiffs on Behalf of Themselves and the Class)**

38. Plaintiffs reallege and incorporate by reference all previous paragraphs.

39. Defendants knowingly paid Plaintiffs and the Class members less than the New York State minimum wage for all hours worked.

40. As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**THIRD CLAIM FOR RELIEF**
**(New York Overtime Violations, N.Y. Lab. L. § 650 *et seq.*, N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4 Brought by Plaintiffs on Behalf of Themselves and the Class)**

41. Plaintiffs reallege and incorporate by reference all previous paragraphs.

42. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying proper overtime wages for all hours worked in excess of forty (40) hours in any workweek.

43. Throughout the Class Period, Defendants willfully, regularly and repeatedly failed

to pay Plaintiffs and the Class members at the required overtime rate for hours worked in excess of forty (40) hours per workweek.

44. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**FOURTH CLAIM FOR RELIEF**
**(New York Notice Requirements,**
**N.Y. Lab. L. §§ 195, 198**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

45. Plaintiffs reallege and incorporate by reference all previous paragraphs.

46. Defendants did not provide Plaintiffs and the members of the Class with the notices/statements required by N.Y. Lab. Law § 195.

47. As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, post-judgment interest, and costs and attorneys' fees.

**FIFTH CLAIM FOR RELIEF**
**(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d**
**Brought By Plaintiffs on Behalf of Themselves and the Class)**

48. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

49. Defendants willfully retained/misappropriated portions of Plaintiffs' and Class Members' tips.

50. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and

members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiffs as Representatives of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198, 663 and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
November 7, 2025

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/ D. Maimon Kirschenbaum
D. Maimon Kirschenbaum
Josef Nussbaum
45 Broadway, Suite 320
New York, NY 10006
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which he has a right to jury trial.