UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
: 
ARTEMIO CANTU and REFUGIO CANTU, *on* :
*behalf of themselves and others similarly situated*,:
: 
                           Plaintiffs,   :          25-CV-9323 (VSB) (RWL)
: 
          -against-        :            **ORDER**
: 
GEN MANHATTAN NYU, L.P., d/b/a GEN   :
KOREAN BBQ, *et al.*,          :
: 
                  Defendants.  :
------------------------------------------------------------ X

VERNON S. BRODERICK, United States District Judge:

On November 7, 2025, Plaintiffs filed a complaint alleging, among other things, that Defendants failed to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"). (Doc. 1.)  On January 23, 2026, Defendants filed a motion to compel arbitration and stay all proceedings.  (Doc. 10.)  On July 15, 2026, the parties submitted a proposed joint stipulation of dismissal of this action with prejudice under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure because the parties "have identified a binding and enforceable agreement and "agreed to resolve this matter through said mechanism pursuant to the Federal Arbitration Act." (Doc. 20.)

"Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect."  *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).  The parties have not indicated that they have reached a settlement in this proposed stipulation.  However, because "[t]his matter has yet to be adjudicated through arbitration," so "it remains possible that the parties will reach a private settlement outside the context of arbitration," the Court "will not so-order the stipulation of dismissal, and the case remains open."  *Crawford v. Leeding Builders Grp., LLC*, No. 23-CV-7290,

2024 WL 495062, at *1 (S.D.N.Y. Feb. 8, 2024).  Indeed, "district courts within our Circuit have uniformly held that" settlements reached when a case is stayed pending arbitration "must be reviewed [by the Court] for fairness like any other FLSA settlement."  *Melendez v. Cosan Constr. Corp.*, No. 21-CV-07426, 2023 WL 3336549, at *2 (S.D.N.Y. May 10, 2023); *accord Brittle v. Metamorphosis*, No. 20-CV-3880, 2021 WL 606244, at *2 (S.D.N.Y. Jan. 22, 2021).  Accordingly, the case is STAYED and all deadlines and conferences are VACATED pending the outcome of arbitration.  The Clerk of Court is respectfully directed to terminate the motion to compel arbitration at Document 10, since it is denied as moot.

SO ORDERED.
Dated:        July 17, 2026
              New York, New York

Vernon S. Broderick
United States District Judge