UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CANTU et al., Plaintiff, - against - GEN MANHATTAN NYU L.P. et al., Defendant. | 25-CV-9323 (VSB) (RWL) **ORDER** |

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On August 24, 2026, the appointed mediator advised the Court that the parties have agreed to terms of resolution of this action brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law. A federal court is obligated to determine whether settlement and dismissal of an FLSA case under the court's consideration is fair and reasonable and the subject of an arm's length negotiation, not an employer's overreaching. *See Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015) (holding that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect"); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp.2d 332, 335-36 (S.D.N.Y. 2012) (identifying factors a court may consider in evaluating fairness and reasonableness of a proposed FLSA settlement); *cf. Mei Xing Yu v.Hasaki Restaurant, Inc.*, 944 F.3d 395, 414 (2d Cir. 2019) (holding that judicial approval is not required for resolution of FLSA claims by way of a Rule 68(a) offer of judgment).

By **September 23, 2026**, the parties shall file their proposed settlement agreement along with a joint letter explaining the basis for the settlement and why it should be

approved as fair and reasonable, with reference to the factors discussed in *Wolinsky*. The letter should also address, if applicable, any incentive payments to the plaintiff and any attorney's fee award to plaintiff's counsel (with documentation to support the latter, if appropriate). The parties are advised that the Court will not approve any settlement agreement containing any of the following provisions:

- a confidentiality provision, unless the parties can show that there are reasons, specific to the case, sufficient to overcome the common law right of access to judicial documents. *See Wolinsky*, 900 F. Supp.2d at 337-41 (explaining the common law right of public access as it relates to settlement agreements in FLSA cases); *see also Sanz v. Johnny Utah 51 LLC*, No. 14-CV-4380, 2015 WL 1808935, at *2 (S.D.N.Y. Apr. 20, 2015).

- a release or waiver of claims that have not accrued or of claims that are unrelated to wage-and-hour matters, unless the parties can show that there are reasons, specific to the case, justifying such a broad release. *See, e.g.*, *Lopez v. Nights of Cabria, LLC*, 96 F. Supp.3d 170, 181 (S.D.N.Y. 2015).

- a clause that bars a plaintiff from making negative statements about a defendant (i.e., a non-disparagement clause) unless it includes a carve-out for truthful statements about a plaintiff's experience in litigating their case, or unless the parties can show that there are reasons, specific to this case, justifying a non-disparagement clause without such a carve-out. *See, e.g.*, *Zapata v. Bedoya*, No. 14-CV-4114, 2016 WL 4991594, at *2 (E.D.N.Y. Sept. 13, 2016).

In the event that the settlement agreement does contain any of these provisions, the parties' joint letter should also indicate whether, in the event the Court determines any such provisions to be unfair or unreasonable, the parties want the Court, in the alternative, to consider for approval the settlement agreement with the provision(s) stricken. *Cf., e.g. Fisher v. SD Protection Inc.*, 948 F.3d 593, 606 (2d Cir. 2020) (holding that a district court may approve or reject a settlement of FLSA claims, but may not modify the agreement itself).

SO ORDERED.

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: September 2, 2026
New York, New York

Copies transmitted to all counsel of record.